**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JOHN C. RICCARD,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:11-cv-1612-Orl-DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's applications for disability insurance benefits and Supplemental Security Income.  For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

This is the latest in a series of applications filed by Plaintiff, seeking benefits based on disability.  On April 11, 2001, the claimant filed a prior Title II application and a prior Title XVI application. The Title XVI claim was denied initially, based on excess income, and was not appealed. The Title II claim was denied initially and upon reconsideration, based on a non-disability finding. On October 9, 2001, the claimant filed another Title II application and another Title XVI application. The Title XVI claim was denied initially and was not appealed. The Title II claim was denied initially, as before, and was not appealed.  On March 28, 2005, the claimant filed another Title II application and another Title XVI application. The claims were denied initially and upon reconsideration, but were allowed at the hearing level, with a closed period of disability from February 13, 2005 to

December 31, 2006 (R. 12). The disability cessation occurred because Plaintiff was able to go back to work as an automobile service manager, in 2007 (R. 31).

On February 7, 2008, Plaintiff protectively filed the applications at issue here, alleging he became unable to work on February 1, 2008 (R. 63, 123-24, 130-38, 161). The claims were denied initially and on reconsideration, and Plaintiff requested and received a hearing before an administrative law judge ("the ALJ") (R. 27-54, 68-75, 80-85). The ALJ issued an unfavorable determination on August 31, 2010 (R. 9-24). The Appeals Council denied Plaintiff's request for review (R. 1-6, 120), making the ALJ's decision the final decision of the Commissioner.

Plaintiff filed his complaint in this action (Doc. No. 1), and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. This case is now ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## Nature of Claimed Disability

Plaintiff alleges disability due to two broken legs/metal rods in his back, and resulting pain and postural limitations (R.161).

*Summary of Evidence Before the ALJ*

Plaintiff was thirty seven years old at the time of the decision, with a high school education and past relevant work experience as an auto service manager (R. 162).

Plaintiff's pertinent medical history is set forth in detail in the ALJ's decision and, in the interests of privacy and brevity, is set forth in this opinion only as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony, the testimony of a Vocational Expert, written forms and reports completed by Plaintiff, and opinions from examining and non-examining consultants. By way of summary, the ALJ determined that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, with surgical repair; fractures of the tibia and fibula bilaterally, with multiple surgical repairs; and obesity

(R. 15), and the record supports this uncontested finding. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (R. 16), and found that Plaintiff had the residual functional capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except that he can stand or walk for no more than 15 minutes at a time throughout the day; he can sit for 6 hours in an 8-hour workday, but may need to stand for several minutes every 30 minutes. In addition, the claimant can only occasionally balance, stoop, kneel, crouch, and crawl, but no climbing stairs, ladders, ropes or scaffolds.

(R. 17).

The ALJ then determined that Plaintiff could not perform any past relevant work (R. 22). Relying on the testimony of a Vocational Expert, the ALJ found that there were other jobs in the national economy that Plaintiff could perform (R. 23). As such, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from February 1, 2008, through the date of the decision (R. 24).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises several issues on review, contending that: 1) the ALJ erred in failing to apply the correct legal standards to the opinion of the treating physicians; 2) the ALJ incorrectly evaluated Plaintiff's allegations of pain; 3) the ALJ failed to consider the opinions of other governmental agencies; and 4) the Appeals Council failed to consider new evidence

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R.

§ 404.1520(f). Here, the ALJ determined at Step 5 that Plaintiff could perform work in the national economy. The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*Opinion Evidence*

Plaintiff's first objection goes to the weight the ALJ gave to the medical opinion evidence. In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Applied here, Plaintiff objects to the ALJ's evaluation of the opinions of two of his physicians: Dr. Merck and Dr. Ribet. The ALJ summarized these opinions, as follows:

> In June 2009, a medical source statement completed by Dr. Ribet, a family practitioner, indicated that the claimant was permanently unable to work due to his hypertension, depression, anxiety, and history of back surgery, and that he was required to attend physical therapy, counseling, and regular appointments (Exhibit 13F). In July 2009, a medical source statement completed by Dr. Merck also indicated that the claimant was unable to perform even sedentary work, as he could sit, stand, or walk for 4 hours in an 8-hour workday, but lift or carry only 5 pounds occasionally (Exhibit 14F). In addition, in July 2010, a letter from Dr. Merck indicated that the claimant was unable to work and unable to sit or stand for any length of time due to chronic pain from failed back syndrome, as well as due to neuropathic pain from multiple fractures and surgeries of the lower extremity (Exhibits 12F/I-2 and 15f/3-4). These opinions, however, are not accorded controlling weight because opinions on the issues of whether the claimant is "disabled" or "unable to work" are reserved to the Commissioner because they are administrative findings that are dispositive of a case (20 CFR §§ 404.lS27(e) and 4l6.927(e), and SSR 96-Sp). Moreover, these vocational opinions are inconsistent with the evidence as a whole (as set forth below).

(R. 20-21). The ALJ included in his decision a detailed analysis of the evidence. Plaintiff contends that this finding is insufficient, as the ALJ "did not analyze any of the factors required by 20 CFR § 404.1527(d)" and the ALJ "did not provide an explicit explanation as to exactly what was inconsistent." (Plaintiff's brief at 11).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d).

Although Plaintiff contends that the ALJ did not consider these factors, the ALJ specifically notes that he did (R. 17: "The undersigned has also considered opinion evidence in accordance with

-6-

the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-Sp, 96-6p and 06-3p.").[1] While the ALJ did not set forth a detailed analysis as to each factor, Plaintiff has not shown that such was required. As the Commissioner notes in his brief, it is not necessary for the ALJ to discuss each of these six factors in his decision. *See Lawton v. Comm'r of Soc. Sec.,* 431 Fed. Appx. 830, 833 (11th Cir. 2011) (unpublished disposition)("[T]he ALJ is not required to explicitly address each of those factors. Rather, the ALJ must provide "good cause" for rejecting a treating physician's medical opinions.")

The Court is also unpersuaded by the contention that the ALJ failed to adequately explain why the opinions were inconsistent with the record. While a mere conclusory statement that an opinion is inconsistent with the evidence, without more, would be insufficient to show good cause to discredit a treating provider's opinion, that is not what happened here. The ALJ noted (correctly) that he was not required to automatically credit an opinion that Plaintiff was "unable to work," [2] and set forth specific evidence which supported his conclusion that these opinions were inconsistent with the record as a whole.

The ALJ's decision contains a detailed discussion of the contrary records of the examining and treating doctors, noting:

> Dr. Chahlavi, in April 2008, opined that the claimant's leg cramping was much improved, that his back pain was better, that he was ambulating without any difficulty, although with a lot of pain medication, and that he could return to light duty work for the next couple of months (Exhibit 3F/2). In June 2008, an MRI scan of the lumbar spine also revealed an L3-L4 bulging annulus, but no definite recurring disc protrusion (Exhibit 6F/4). Further, in June 2008, Dr. Behrman found the claimant with full strength in his bilateral lower extremities, as well as a steady gait, using only a soft brace (Exhibit 6F/l). In July 2008, Dr. Wright also found the claimant with a

---

[1] As one of the factors is specialization in the medical issue presented, Plaintiff's contention that the ALJ did not consider Dr. Merck's credentials does not persuade.

[2] "A doctor's opinion on dispositive issues reserved to the Commissioner, such as whether the claimant is disabled or unable to work, is excluded from the definition of a medical opinion and is not given special weight, even if it is offered by a treating source, but the ALJ should still consider the opinion." *Lawton*, 431 Fed. Appx. at 834 (citing 20 C.F.R. § 404.1527(e)); *see also Miles v. Soc. Sec. Admin., Comm'r*, 469 Fed. Appx. 743 (11th Cir.2012).

-7-

> diminished range of motion of his lumbar spine, but intact deep tendon reflexes, intact sensations in his bilateral lower extremities, negative straight-leg raise tests bilaterally, no muscle spasms or hypertonicity, and no tenderness-to-palpation over his lumbar spine (Exhibit 7F/l-2).
>
> Moreover, in March 2009, Dr. Hate' found the claimant with obesity and decreased ranges of motion of his thoracolumbar spine and ankles, but normal strength in all muscle groups, normal sensations, normal coordination for fine and gross movements, only a right limping gait without the use of an assistive device, no paravertebral muscle spasms, and positive supine straight-leg raise tests, but negative sitting straight-leg raise tests. Dr. Hate' further opined that the claimant would be suitable for sedentary type activity (Exhibit 9F).
>
> Furthermore, in July 2009, Dr. Merck found the claimant with an antalgic gait using a cane, positive straight-leg raise tests, tenderness-to-palpation over his bilateral L3-Sl facets, and pain on lumbar spine extension, but pain relief on lumbar spine flexion, as much as 4+/5 motor strength throughout, only mild discomfort, and no sensory deficits (Exhibit lSF/8-9). In October 2009, Dr. Merck also noted that the claimant was 50 percent improved overall with medications, and that he seemed stable (Exhibit lSF/14). Additionally, in July 2010, Dr. Merck noted the claimant's report that his pain was controlled on Oxycodone, which allowed him to function without any severe side effects (Exhibit lSF/lO).

(R. 21). These findings are supported by substantial evidence (R. 355, 407, 404, 414-15, 437-42, 496-98, 502).  As the ALJ found good cause for rejecting the opinions, and properly supported her decision with substantial record evidence, no error is shown.

Plaintiff's contention that the ALJ erred in relying on evidence developed prior to his 2010 automobile accident also misses the mark.  The decision reflects that the ALJ considered all of the relevant evidence, including evidence after the automobile accident, and the slip and fall. *See, e.g.,* R. 18: "The claimant has a history of falling 8 feet from a roof while working in 2004, resulting in multiple fractures of his tibia and fibula bilaterally, with multiple repair surgeries, as well as resulting in disc herniation in the L4-L5 and L5-Sl levels of his lumbar spine, with surgical fusion in February 2008, and additional exacerbation of pain due to a motor vehicle accident (MVA) and a slip-and-fall accident in early 2010 (Exhibits IF, 2F, 3F/7, 9F/l, and l5F/8, 12)." At the hearing, Plaintiff testified about his accidents (R. 36-38) and his current abilities. The ALJ discussed Plaintiff's testimony in his decision (R. 18), and also discussed the post-accident treatment notes and MRI (R. 17, 19).  Indeed,

-8-

the ALJ cited the March 2010 MRI as the reason she did not rely on the opinion of the nonexamining state agency physician (that Plaintiff could do light work) (R. 21-22). There was no failure to "develop the facts" here.

*Pain and Credibility evaluation*

Plaintiff's next objection is that the ALJ erred in evaluating his allegations of pain and in finding his allegations not fully credible.

When a claimant attempts to establish disability through his or her own testimony of subjective symptoms, the Eleventh Circuit follows a three-part test that requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged [symptom] arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged [symptom]." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "If proof of a disability is based upon subjective evidence and a credibility determination is, therefore, critical to the decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." *Foote, supra*, 67 F.3d at 1562 (quotation omitted). In articulating his reasons, the ALJ need not specifically refer to every piece of evidence, so long as the decision "is not a broad rejection which is not enough to enable the district court or this Court to conclude that the ALJ considered [the] medical condition as a whole." *Dyer*, 395 F.3d at 1210-11 (quotation omitted). A clearly articulated credibility determination supported by substantial evidence will not be disturbed. *Foote,* 67 F.3d 1553, 1562.

Here, after evaluating the evidence and testimony, the ALJ concluded that, although Plaintiff has underlying impairments that could reasonably be expected to produce the symptoms alleged, his statements concerning the intensity, persistence and limiting effects of those symptoms were not fully credible to the extent they are inconsistent with the evidence and the residual functional capacity

assessment (R. 19).  The ALJ provided a detailed explanation for this finding, reiterating the medical evidence, including Plaintiff's pain specialist's opinion that Plaintiff's pain was controlled with medication which allowed him to function without any severe side effects (R. 19).  The ALJ detailed Plaintiff's self reported activities, noting: " the claimant is not debilitated to the point of being unable to independently perform activities of daily living. Also, the claimant's daily activities are not limited to the extent that one would expect from an individual totally disabled by pain." (R. 20).  The ALJ also noted inconsistencies between the alleged limitations and the record (R. 20), discussed alternative methods of treatment Plaintiff pursued, and concluded: "Thus, while it is reasonable to conclude that the claimant has some limitations, the evidence as a whole does not substantiate any cause for such debilitating limitations as described by the claimant that would preclude all work activity." (R. 20).

With respect to Plaintiff's objections to this finding, a review of the ALJ's decision belies Plaintiff's contention that the ALJ did not consider his longitudinal medical record.  Moreover, while Plaintiff details in his brief the efforts he undertook to obtain pain relief and highlights certain evidence which supports his limitations, it is not the task of the Court to reweigh the evidence.  At issue is not whether evidence exists which could support an alternative finding, but whether *this* finding by the Commissioner is supported by substantial evidence.  The Court finds this to be the case.  The pain standard was properly applied and the findings as to credibility are adequately supported by substantial evidence.  As such, it will not be disturbed.

*The opinions of other agencies*

The record indicates that Plaintiff's doctor filled out a medical verification form that was accepted by the Florida Department of Children and Families, and another form that was (apparently) accepted by the Florida Department of Highway Safety and Motor Vehicles.  According to Plaintiff, the issuance of a disabled parking permit and an exemption from work search requirements for food stamps are both "government agency decisions" entitled to consideration and great weight.

As acknowledged by Plaintiff, decisions by other governmental agencies are not binding on the Social Security Administration. 20 C.F.R. §§ 404.1504, 416.904. In this case, neither a disabled parking permit nor a decision to exempt a claimant from work search requirements constitutes a finding of disability under the Social Security Act, nor are these decisions sufficiently similar to such a finding.

According to the record, under Florida's program for cash assistance, "individuals receiving cash assistance are required to participate in countable work activities" but "[s]ome participants may receive a medical deferral as a result of an injury, a temporary medical condition, or other good cause reason." (R. 468). The Court agrees with the Commissioner that a medical deferral is not the same as a disability finding under the Act.

As for the disabled parking permit, the record evidence is a photocopy of the actual permit and Plaintiff's testimony that his primary doctor signed a certification for the permit in 2009 (R. 34-35).[3] The certification itself is not of record, nor is there any explanation from the state detailing their rationale in issuing the permit. *See e.g., Williams v. Astrue*, No. 1:09–CV–026892011, 2011 WL 1131328, at *21 (N.D. Ga. Mar. 28, 2011) ("[T]he parking permit is also unhelpful, given that it is not supported by any objective medical evidence, nor is there any indication as to the basis for its issuance"). Under these circumstances, there is no showing that the permit was issued by application of similar standards for determining disability and no basis to reverse the administrative decision on this ground. *See Scott v. Astrue,* 1:08–cv–213–MP–AK, 2010 WL 916395, *11 (N.D. Fla. Mar.10, 2010), and *Livingston v. Astrue,* No. 09-14202-CIV, 2010 WL 5851124, at *8 (S.D. Fla. Feb. 26, 2010) (noting disabled parking permits are generally of little relevance to a formal disability analysis).

*The new evidence*

---

[3]The ALJ noted Plaintiff's testimony regarding the disabled parking permit (R. 18).

Following issuance of the unfavorable decision, Plaintiff sought review before the Appeals Council and submitted additional evidence (R. 529). That evidence included a "to whom it may concern" letter from Dr. Merck, stating Plaintiff could not "do any manual labor" and suggesting that Plaintiff's condition meets listing 1.04A (Disorders of the Spine) (R. 529). *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04. The Appeals Council acknowledged receipt of the evidence but did not discuss it (R. 1-2).

The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). When a claimant submits additional evidence to the Appeals Council and argues to the court that the Appeals Council erred in denying review, the Court must determine whether the Commissioner's decision is supported by substantial evidence on the record as whole. Plaintiff fails to show how this letter detracts from the substantial evidence before the ALJ. The letter does not provide any supporting treatment notes or other objective finding not already before the ALJ, and the ALJ considered all treatment notes from this physician and weighed his earlier consistent opinions. No error is shown.

A final note is in order. The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. While it is clear that Plaintiff had challenges and difficulties, the only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is

-12-

adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, it must affirm the decision.

## Conclusion

The decision of the Commissioner was supported by substantial evidence and was made in accordance with proper legal standards. As such, it is **AFFIRMED.** The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on December 7, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record